1:22-cv-03539
Kocoras / Weisman
PC 12
DIRECT

RECEIVED
JUL 06 2022 cm.
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

FILED
8/1/2022
JG
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

AO 241 (Rev. 09/17)

PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | | District: |
|---|---|---|
| Name (under which you were convicted): Arthur Unger | | Docket or Case No.: 15-CF-1827 |
| Place of Confinement: Hill Correctional Center 600 Linwood RD. Galesburg, IL. 61402 | | Prisoner No.: N95436 |
| Petitioner (include the name under which you were convicted) Arthur Unger | v. | Respondent (authorized person having custody of petitioner) Warden Brannon |
| The Attorney General of the State of: Illinois | | |

PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
The Circuit Court of the Twelfth Judicial Circuit Will County, Illinois

(b) Criminal docket or case number (if you know): 15-CF-1827

2. (a) Date of the judgment of conviction (if you know): November 28, 2017

(b) Date of sentencing: November 28, 2017

3. Length of sentence: 25 years

4. In this case, were you convicted on more than one count or of more than one crime? ☐ Yes ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:
Attempted First Degree Murder

6. (a) What was your plea? (Check one)

☐ (1) Not guilty ☐ (3) Nolo contendere (no contest)
☒ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

☐ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☐ Yes ☒ No

8. Did you appeal from the judgment of conviction?

☒ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: State of Illinois Third Judicial District

(b) Docket or case number (if you know): 3-18-0696

(c) Result: Affirmed Conviction

(d) Date of result (if you know): May 25, 2021

(e) Citation to the case (if you know):

(f) Grounds raised: Ineffective assistance of counsel, Due process failure to admonish in violation of Illinois Supreme Court Rule 605 (c) regarding negotiated pleas. See (exhibit # 1)

(g) Did you seek further review by a higher state court? ☒ Yes ☐ No

If yes, answer the following:

(1) Name of court: Illinois Supreme Court

(2) Docket or case number (if you know): No. 127339

(3) Result: Leave to Appeal denied

(4) Date of result (if you know): June 8th, 2021

(5) Citation to the case (if you know):

(6) Grounds raised: Ineffective assistance of counsel Due process failure to admonish in violation of Illinois Supreme Court Rule 605(c)(2) regarding negotiated pleas. See (exhibit #2)

(h) Did you file a petition for certiorari in the United States Supreme Court? ☐ Yes ☒ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result: I would formally request a stay for this petition pending this cause of action.

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? ☐ Yes ☒ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result:

(8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒ Yes ☐ No

(2) Second petition: ☐ Yes ☒ No

(3) Third petition: ☐ Yes ☒ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** Ineffective assistance of counsel

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioners counsel Ms. Shenonda Tisdale did admit making critical errors during pretrial stages by filing improper Motions to Withdraw Guilty Plea by simply submitting boiler plate motions without grounds needed to perfect an appeal and done so just as a matter of course. See (exhibit #3)

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** Violation of Illinois Supreme Court Rule 605(C)(2) regarding negotiated pleas.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Appellate Court ruled in a 2-1 vote that the plea was indeed negotiated and not "partially" a term that does not exist in that rule. See (exhibit #4). It is clear Ms. Tisdale did not understand the proper language under Rule 605(c)(2) and her use of the term "partially" negotiated plea and not the courts that led to the improper usage. Judge McDade explains this in his Appellate Court dissenting opinion. See (exhibits # 1 and # 5).

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☒ Yes ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two :

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes ☒ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition? ☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition? ☐ Yes ☒ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☐ Yes ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Never filed a Post-Conviction, because I was unaware I could do so at any of the above stages.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☐ Yes ☒ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them: Due process violation, Ms. Tisdales Motion to Withdraw Guilty Plea had additional errors, on line 2 stating the sentence was for 25 years probation. See (exhibit #5)

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

Motion to Reconsider never raised any mitigating factors in a mock mini-trial only aggravating which led to a maximum sentence and further prejudice. See (exhibit #6)

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Ms. Shanonda Tisdale

(b) At arraignment and plea: Ms. Shanonda Tisdale

(c) At trial:

(d) At sentencing: Ms. Shanonda Tisdale

(e) On appeal: Ms. S. Amanda Ingram

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? ☐ Yes ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future? ☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: Grant Motion to Withdraw Guilty Plea and vacate charges due to ineffective counsel and Due process violations and

or any other relief to which petitioner may be entitled.

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ______ (month, date, year).

Executed (signed) on ______ (date).

Arthur [signature]

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

[signature]
6-30-2022

Exhibit #1

# APPENDIX

Arthur M. Unger, Petitioner

Appellate Court Decision

E-FILED
6/8/2021 9:39 AM
Carolyn Taft Grosboll
SUPREME COURT CLERK

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180696-U

Order filed May 25, 2021

---

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 12th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Will County, Illinois, |
| | ) | |
| | ) | Appeal No. 3-18-0696 |
| v. | ) | Circuit No. 15-CF-1827 |
| | ) | |
| ARTHUR M. UNGER, | ) | Honorable |
| | ) | David M. Carlson, |
| Defendant-Appellant. | ) | Judge, Presiding. |

---

JUSTICE O'BRIEN delivered the judgment of the court.
Justice Lytton concurred in the judgment.
Presiding Justice McDade dissented.

---

**ORDER**

¶ 1 *Held*: (1) The circuit court substantially complied with admonishment requirements of Illinois Supreme Court Rule 605(c). (2) Defendant has not demonstrated prejudice needed for a finding of ineffective assistance of counsel.

¶ 2 Defendant, Arthur M. Unger, appeals from his conviction for attempted first degree murder. First, defendant argues that the court improperly admonished him under Illinois Supreme Court Rule 605(c) (eff. Oct. 1, 2001). Second, defendant contends that counsel provided ineffective assistance. We affirm.

¶ 3 I. BACKGROUND

¶ 4 Defendant entered a guilty plea to the charge of attempted first degree murder (720 ILCS 5/8-4, 9-1(a)(1) (West 2014)). The plea included an agreed sentencing cap of 25 years' imprisonment and the State's dismissal of several other charges.

¶ 5 Following the plea, the court sentenced defendant to 25 years' imprisonment. The court noted that, but for the agreed 25-year sentencing cap, it would have sentenced defendant to 30 years. The court admonished defendant that

> "within 30 days from today's date you have to do one of two, if not both things. First and foremost, you can ask me to reconsider the sentence. If I grant that, I can reconsider the sentence and I can actually modify it to include up to the maximum, which would be 30 years in the Illinois Department of Corrections. If I deny it, you have 30 days from that date within which to file a notice of appeal.
>
> You can also ask me to withdraw your plea. You have to do that within the next 30 days. If I grant that, we start all over again, meaning anything that was dismissed will be reinstated. If I deny it, you then have 30 days from that date within which to file a notice of appeal."

¶ 6 Counsel filed both a motion to reconsider sentence and a motion to withdraw defendant's guilty plea. In the motion to withdraw guilty plea, counsel made no argument as to why defendant should be allowed to withdraw the plea. The court denied both motions but awarded defendant additional credit for time served. Defendant appeals.

¶ 7 II. ANALYSIS

¶ 8 Defendant first argues that the circuit court erroneously admonished defendant under Illinois Supreme Court Rule 605(b)(2) (eff. Oct. 1, 2001), which applies to nonnegotiated pleas,

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

instead of Illinois Supreme Court Rule 605(c)(2) (eff. Oct. 1, 2001), which applies to negotiated pleas. Second, defendant argues counsel provided ineffective assistance when she failed to correct the court's improper admonishment and state a reason in defendant's motion to withdraw his guilty plea. We find that the court substantially complied with Rule 605(c)(2) and counsel was not ineffective.

¶ 9 A. Compliance with Rule 605(c)

¶ 10 Following the entry of a negotiated guilty plea, Rule 605(c) requires the court to advise defendant of the Rule 604(d) requirements that must be satisfied to preserve defendant's right to appeal. *People v. Jamison*, 181 Ill. 2d 24, 27 (1998); Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 11 Defendant solely argues that the court failed to provide the admonishment set forth in Rule 605(c)(2). Rule 605(c)(2) states "prior to taking an appeal the defendant must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated and for leave to withdraw the plea of guilty, setting forth the grounds for the motion." Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). "When the trial court fails to properly admonish a defendant how to perfect an appeal from a negotiated guilty plea, and defendant fails to follow Rule 604(d), it is appropriate to remand the cause to the trial court for proceedings consistent with Rule 605(c)." *People v. Pressey*, 357 Ill. App. 3d 887, 890 (2005).

¶ 12 A court may substantially comply with Rule 605(c) so long as the court's admonishment imparts "to a defendant largely that which is specified in the rule, or the rule's 'essence' as opposed to 'wholly' what is specific in the rule." *People v. Dominguez*, 2012 IL 111336, ¶ 19. An improper admonishment alone will not automatically require a remand. *People v. Williams*, 344 Ill. App. 3d 334, 338 (2003). Instead, remand or reversal is dependent upon " 'whether *real justice* has been denied or whether [the] defendant has been *prejudiced* by the inadequate admonishment.' "

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

(Emphases in original.) *Id.* (quoting *People v. Davis*, 145 Ill. 2d 240, 250 (1991)). We review a court's compliance with supreme court rules *de novo*. *People v. Dismuke*, 355 Ill. App. 3d 606, 608 (2005).

¶ 13 We find that the court's admonishments substantially complied with Rule 605(c). The parties agree that defendant entered a negotiated plea. However, the court provided a Rule 605(b) admonishment, which is directed at nonnegotiated pleas. Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001). The court advised defendant that he could file a motion to reconsider sentence and a motion to withdraw his guilty plea. See Ill. S. Ct. R. 605(b)(2) (eff. Oct. 1, 2001). Due to the nature of defendant's negotiated plea, the court needed to admonish defendant, under Rule 605(c)(2), that he could only file a motion to withdraw his guilty plea and not a motion to reconsider sentence. Ill. S. Ct. R. 605(c)(2) (eff. Oct. 1, 2001). Despite the unnecessary information, the court correctly conveyed the essence of Rule 605(c)(2) to defendant—defendant had the right to file a motion to withdraw his guilty plea and must do so before filing a notice of appeal. Further, the court indicated that if it granted defendant's motion to withdraw his plea, the proceedings would restart, and the dismissed charges would be reinstated. The court continued, "[i]f I deny it, you then have 30 days from that date within which to file a notice of appeal." The court's admonishment advised defendant that he did not have an absolute right to withdraw his guilty plea, and intimated that defendant would need to state a reason for the court to grant such a motion. Therefore, the court substantially complied with the Rule 605(c) admonishment requirement and conveyed the requirements for the negotiated plea.

¶ 14 Even assuming, *arguendo*, that the court failed to substantially comply with Rule 605(c), the court's incorrect admonishment did not deny defendant real justice. See *Williams*, 344 Ill. App. 3d at 339 (The appellate court found that the lack of admonishment to file a motion to reconsider

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

sentence did not prejudice defendant, since defendant's "ability to raise a sentencing issue on appeal was not compromised or limited by the actions of the trial court."). Counsel filed the correct motion—a motion to withdraw his guilty plea—and thus preserved defendant's right to appeal. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

¶ 15 B. Ineffective Assistance of Counsel

¶ 16 A defendant is guaranteed "the right to effective assistance of counsel at all critical stages of the criminal proceedings, which include the entry of a guilty plea." *People v. Hughes*, 2012 IL 112817, ¶ 44. To challenge counsel's effectiveness, a defendant must show: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 US. 668, 694 (1984). "A defendant must satisfy both prongs of the *Strickland* test and a failure to satisfy any one of the prongs precludes a finding of ineffectiveness." *People v. Simpson*, 2015 IL 116512, ¶ 35. "[W]e may dispose of an ineffective assistance of counsel claim by proceeding directly to the prejudice prong without addressing counsel's performance." *People v. Hale*, 2013 IL 113140, ¶ 17. A defendant's claim of error alone is insufficient to render counsel's assistance ineffective. *People v. Houston*, 229 Ill. 2d 1, 4 (2008). "A defendant establishes prejudice by showing that, but for counsel's unprofessional errors, there is a reasonable probability that the result of the proceeding would have been different." *Id.*

¶ 17 We need not address the deficient performance prong of *Strickland* as defendant has not satisfied the prejudice prong. See *Hale*, 2013 IL 113140, ¶ 17. Defendant fails to show how counsel's failure to attempt to correct the court's incorrect admonishment prejudiced him. That is, defendant does not argue how an objection would have changed the result of the proceeding. Moreover, despite counsel's failure to object to the court's misstatement, counsel filed a motion

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

to withdraw defendant's guilty plea, as required by Rule 604(d) to preserve defendant's right to appeal. See Ill. S. Ct. R. 604(d) (eff. July 1, 2017). Therefore, an objection would not have altered the outcome of this proceeding.

¶ 18 Defendant's contention that counsel failed to provide specific arguments as to why defendant should be allowed to withdraw his guilty plea also fails because defendant does not allege sufficient prejudice. Specifically, defendant does not allege the grounds that counsel should have stated in the motion to withdraw or whether he entered his guilty plea "through a misapprehension of the facts or of the law, or if there is doubt of the guilt of the accused and the ends of justice would better be served by submitting the case to a trial." *People v. Pullen*, 192 Ill. 2d 36, 40 (2000). We cannot determine from defendant's generic allegations of prejudice whether counsel's allegedly inadequate motion altered the outcome of the proceeding. Therefore, defendant has not satisfied the prejudice requirement necessary for a finding of ineffective assistance of counsel.

¶ 19 III. CONCLUSION

¶ 20 The judgment of the circuit court of Will County is affirmed.

¶ 21 Affirmed.

¶ 22 PRESIDING JUSTICE McDADE, dissenting:

¶ 23 In most criminal cases, the defendant stands before the court unschooled in the procedural technicalities that govern the parties in our adversarial justice system. For that reason, trial judges are required to provide "admonishments" to assist the defendant in understanding what he/she is defending against, in navigating the system, and in realizing the benefits and protections that system affords him or her. *Dominguez*, 2012 IL 111336, ¶ 15. The admonishments are informational benefits prescribed by the supreme court that flow directly from the trial court to the

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

defendant. *Id.* As characterized by the court, "[t]he rules of this court are not suggestions; rather, they have the force of law, and the presumption must be that they will be obeyed and enforced as written. *Bright v. Dicke*, 166 Ill. 2d 204, 210 (1995)." *People v. Campbell*, 224 Ill. 2d 80, 87 (2006).

¶ 24 Similarly, a defendant in Unger's position is also entitled to the effective assistance of counsel in navigating the criminal justice system as he defends against the charges alleged against him. *Strickland*, 466 U.S. at 686.

¶ 25 In this specific case, the trial court's admonitions, first, failed to convey the requirements for the negotiated plea the defendant had entered; second, described an inapplicable motion to reconsider sentence as "first and foremost"; and, third, failed to inform defendant that the motion that was required to be filed had to set out *grounds* for seeking to withdraw the plea. See *Dominguez*, 2012 IL 111336, ¶ 15.

¶ 26 The majority finds that the trial court "*intimated* that defendant would need to state a reason for the court to grant such a motion" (Emphasis added) and concludes that mere intimation constitutes substantial compliance with the requirement of Rule 605(c).

¶ 27 Apparently trial counsel was no more familiar with the correct rule than the court was, missed the fact or the import of the court's *intimation*, and followed the court's deficient admonishment to the letter. In accord with its instruction, counsel filed both the unnecessary motion to reconsider sentence and the requisite motion to withdraw his guilty plea. The latter—which was not the motion described by the court as "first and foremost"—was submitted omitting any assertion of grounds just as the court had omitted the *need* for such assertion from its admonishment. And, because the admonition given to defendant had not included the information

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

that grounds were required, he lacked the knowledge to question his counsel about the failure to assert any.

¶ 28 The defendant does not have a *right* to withdraw a guilty plea whether it is negotiated or not. *People v. Walston*, 38 Ill. 2d 39, 42 (1967) (" 'Permission to withdraw a plea of guilty and enter a plea of not guilty is a matter within the *discretion* of the [trial] court ***.' " (emphasis added) (quoting *People v. Morreale*, 412 Ill. 528, 531 (1952))). A defendant does, however, have a right, recognized in and implemented through supreme court rule, to *seek* to withdraw such a plea, with an implicit corresponding right to have the request objectively considered and judicial discretion fairly exercised. Ill. S. Ct. R. 605(b) (eff. Oct. 1, 2001); *id.* § 605(c). The court did not accurately or adequately inform this defendant of his rights in this regard. In addition, the failure of counsel to know and follow the rule's requirement of asserting grounds for withdrawing the negotiated guilty plea fell below an objective standard of reasonableness and cannot be reasonably rehabilitated by recasting it as trial strategy. Moreover, counsel's performance compounded the harmful impact of the court's insufficient admonishment. The trial court (1) was presented with no grounds by counsel, (2) was unable for this reason to address and consider any legitimate grounds defendant might have asserted, and (3) was denied the opportunity to exercise its discretion to validate or reject any grounds. As a result, we have no basis on which to validly assess any likelihood of a different decision on defendant's motion to withdraw his plea had grounds actually been asserted. For us to make a finding, as the majority has done, that defendant has not been prejudiced is pure conjecture and constitutes a further departure from the rule's requirement that essentially swallows it.

¶ 29 Finally, to add insult to injury, when defendant seeks to vindicate the right given him by the supreme court, we impose upon *him*—the sole relevant party in the courtroom with neither the

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

knowledge nor the duty to discharge it—the obligation to satisfy the burden dropped by both the trial court and defense counsel and we punish him for his inability to do so.

¶ 30 For these reasons, I would: find that the errors of the trial court and defense counsel, whether considered separately or in combination, prejudiced defendant; reverse the denial of defendant's motion; and remand the matter for new proceedings on defendant's motion to withdraw his guilty plea. *Supra* ¶ 11.

SUBMITTED - 13601491 - Carol Chatman - 6/8/2021 9:39 AM

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: ______________________

______________________________________________

______________________________________________

or any other relief to which petitioner may be entitled.

______________________________

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on ______________ (month, date, year).

Executed (signed) on ______________ (date).

Arthur Coy [signature]

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

______________________________________________

______________________________________________

______________________________________________

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

[signature]
6-30-2022

Exhibit
#2



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721
(217) 782-2035

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, IL 60601-3103
(312) 793-1332
TDD: (312) 793-6185

September 29, 2021

In re:  People State of Illinois, respondent, v. Arthur M. Unger, petitioner.
Leave to appeal, Appellate Court, Third District.
127339

The Supreme Court today DENIED the Petition for Leave to Appeal in the above entitled cause.

The mandate of this Court will issue to the Appellate Court on 11/03/2021.

Very truly yours,

Carolyn Taft Grosboll

Clerk of the Supreme Court



Exhibit
#3

12/18/18 15:58:59 CH

STATE OF ILLINOIS )
) SS:
COUNTY OF W I L L )

THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT

WILL COUNTY, ILLINOIS

FILED
2018 DEC 18 PM 3:05

THE PEOPLE OF THE STATE OF ILLINOIS, )
)
Plaintiff, )
)
vs. ) No. 2015 CF 1827
)
ARTHUR M. UNGER, )
)
Defendant. )

REPORT OF PROCEEDINGS had at the hearing in the above-entitled cause before the Honorable DAVID M. CARLSON, Judge of the Twelfth Judicial Circuit, on November 28, 2018.

APPEARANCES:

HON. JAMES W. GLASGOW,
STATE'S ATTORNEY OF WILL COUNTY, ILLINOIS
by MR. CHRISTOPHER R. KOCH,
Assistant State's Attorney for the People;
MS. SHENONDA TISDALE,
Assistant Public Defender,
Appearing on behalf of the Defendant.

MICHELLE PANOS, C.S.R.,
CSR 084-004154
Official Court Reporter
Will County Courthouse
Joliet, Illinois

12/18/18 15:58:59 CH

MS. TISDALE: Arthur Unger.

THE COURT: 15 CF 1827. Welcome back, Mr. Unger. Mr. Unger is here in custody of the Illinois Department of Corrections. Good morning, everybody. Ms. Tisdale is here on Mr. Unger's behalf. Mr. Koch is here on behalf of the People of the State of Illinois.

What are we going to do today?

MS. TISDALE: The first thing I ask to do is file my 604(d) certificate.

THE COURT: Okay. That will be filed instanter.

MS. TISDALE: Then with that, I would ask to proceed on my post-plea motion, my motion to reconsider sentence and motion to withdraw plea of guilty.

THE COURT: Are you ready to go?

MR. KOCH: Yes.

THE COURT: All right.

MS. TISDALE: Judge, I would ask that Mr. Unger be allowed to withdraw his plea of guilty based on the sentence being excessive in the amount of 25 years. Or in the alternative, I would ask that the Court reconsider the sentence.

I would ask the Court to reconsider all the arguments that were made at the sentencing hearing, all the factors in mitigation that were presented. I don't think

that Mr. Unger is likely to re-offend. I don't think that the circumstances are likely to reoccur. Judge, he did plead guilty, take responsibility for his actions.

THE COURT: But you are asking to withdraw that plea?

MS. TISDALE: Well, judge, I think that I have to because there was a partial negotiation.

THE COURT: Right. But is there -- What's the basis for asking to withdraw the plea? I think I went through everything on the record. Well --

MS. TISDALE: I just had to do it as a matter of course, judge. That's my understanding anyway.

THE COURT: Okay. No. I want to make sure that there is a factual basis to support it before I make my decision on that portion. All right.

MS. TISDALE: So, judge, again I just ask the Court to reconsider all the arguments that were made at the sentencing hearing. I think after I reviewed the transcript, I don't know -- I know that they were presented to the Court, but I don't know that I asked for any consideration of them during the argument which was the classes that he did at the jail. I know that they are probably in the court file. But I would ask the Court to reconsider that.

And if the Court's not willing to reconsider

the sentence, I would at least ask for sentence credit. I think he would be entitled to it for the classes that he did at the jail. We would ask that you reconsider the sentence. We would ask for 20 years.

THE COURT: Mr. Koch?

MR. KOCH: Judge, I guess it's a two-fold motion. The first motion was a motion to withdraw guilty plea. Judge, as you know that's not an absolute right. To be able to withdraw your guilty plea, you must be able to establish some sort of a recognized basis for that withdrawal. There doesn't appear to be nor is there alleged any misapprehension of the facts or of the law in this case.

Nor was there any allegations or representations made in the motion with regards to any misrepresentation by counsel or by the state's attorney or by anyone else in authority. He was properly admonished at the time of the plea of guilty, judge, and I don't believe that they have alleged nor supported any factual basis for the motion to withdraw guilty plea. I would ask that you deny that motion at this time.

THE COURT: That motion will be denied. So what we are dealing with is motion to reconsider sentence.

MR. KOCH: Judge, if Ms. Tisdale is done, judge, I think, you know, you heard -- you heard the facts as they

12/18/18 15:58:59 CH

were presented during the sentencing hearing. You saw the video. You heard from the doctor. You heard the victim impact statements. You heard from the paramedic, 911 call. I think you appropriately weighed the facts in mitigation and aggravation including his extensive criminal history how that was presented.

If you recall, this was a partially negotiated plea that charges were dismissed as well as the State agreed to cap its recommendation at 25 years out of 30. Judge, I think you properly applied all factors and came to a reasonable decision based upon what you had heard.

And I think the 25 years was appropriate under these circumstances in this case, and I would ask you deny the motion to reconsider.

THE COURT: Ms. Tisdale?

MS. TISDALE: Nothing further.

THE COURT: Mr. Unger, I think you and I watched the same things together. We watched the video. And obviously you took responsibility for these actions by way of the plea.

And taking into consideration everything that I did at the time of sentencing as well as now, I don't think that the 25 years is excessive. I don't think it's unreasonable. If you are asking me to reconsider it for

12/18/18 15:58:59 CH

purposes of applying any extra credit, I will review it again.

And I think Ms. Tisdale is asking me to review something -- I suppose it's not necessarily a motion to reconsider. You are asking me to -- I guess it would be reopen proofs.

MS. TISDALE: Judge, it was presented. I just don't think that I -- It was presented, but I don't think that I asked for that credit on the mittimus. If the Court would give it.

THE COURT: How much credit are you asking for?

MS. TISDALE: Judge, I would give you then his activity log.

THE COURT: Mr. Koch, have you looked at this?

MR. KOCH: I don't know that I have looked at it. I am not sure that he is entitled to that type of credit. It's not a 60-day -- Number one, I am not sure about the fact because it is a Class X sentencing whether he gets that credit. I am not sure if he gets that credit if he's been to the Department of Corrections multiple times, which he has been. And I am not sure he would get that credit because this is not a recognized 60-day program.

I believe under the Statute, that requires something more than just attending classes. I would have to

do some research on that, at least take a look at it. If the Court is inclined to consider that, I would ask for time to do that just so that I can come back and inform the Court the State's position.

THE COURT: I can tell you right now, I am inclined to give it to him, 60 days of it. That being said, the Attorney General's Office has been known to come in here and argue with me about things that I can't tell the Department of Corrections to do. So I suppose I can order it, enter an amended mittimus giving him credit for 60 days of substance abuse as well as life skills. That will be added to his sentence or added to the time, I should say, credited towards the sentence. And then if anyone has a problem with it, they know where to find me. All right? If you want to do that, we will do an amended mittimus. How about that?

Then I suppose, Mr. Unger, I will advise you as of today's date because although I -- I suppose I modified your sentence, I will consider that as a denial of your motion to reconsider the sentence. So if you want, at this time, I will appoint the appellate defender as it relates to those issues. You want me to do that? Yes? You just have to put it on the record.

THE DEFENDANT: Yes.

THE COURT: So show that I am going to appoint the Appellate Defender's Office on today's date. I will order that the Clerk's Office prepare a Notice of Appeal and that the transcripts -- I assume most of them have been prepared, but if they haven't, they are going to be prepared for appeal. With that, I wish you luck. Okay. We will discharge the writ?

MS. TISDALE: Yes.

THE COURT: Thank you.

(WHEREUPON, which were all the proceedings had in the above-entitled cause this date.)

IN THE CIRCUIT COURT FOR THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

I, MICHELLE PANOS, Official Court Reporter for the Circuit Court of Will County, Twelfth Judicial Circuit of Illinois, do hereby certify that I reported in shorthand the proceedings had in the above-entitled cause; and that I thereafter caused the foregoing to be transcribed into typewriting, which I hereby certify to be a true and accurate transcript of the proceedings had before the Honorable DAVID M. CARLSON, Judge of said Court.

Dated at Joliet, Will County, Illinois, the 17th day of December, 2018.

Michelle Panos
Official Court Reporter
License No. 084-004154

Exhibit
#4

STATE OF ILLINOIS )
) ss:
COUNTY OF W I L L )

FILED
2018 DEC 12 PM 2:51

THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT

WILL COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, )
Plaintiff, )
-vs- ) No. 2015 CF 1827
ARTHUR UNGER, )
Defendant. )

Report of proceedings had in the above-entitled cause before the Honorable DAVE CARLSON, Judge of the Circuit Court of Will County, Illinois, on the 7th day of December, 2017.

A P P E A R A N C E S :

Chris Koch
Assistant State's Attorney
on behalf of the Plaintiff;

Shenonda Tisdale
Assistant Public Defender
on behalf of the Defendant.

JULIE A. ENRIGHT C.S.R.,
LICENSE NO. 084-004518
COURT REPORTER
WILL COUNTY COURTHOUSE
JOLIET, ILLINOIS 60432

12/12/18 16:05:14 CH

(Proceedings had in open Court)

THE COURT: This is 18 CF 1827, Arthur Unger. Mr. Unger is here in the Will County Sheriff's custody with Ms. Tisdale. Mr. Koch is here on behalf of the People of the State of Illinois. I believe the victim is here in Court?

UNIDENTIFIED PERSON: Yes.

MR. KOCH: Yes.

THE COURT: What are we going to do?

MS. TISDALE: He would be entering his plea of guilty to Count 1.

MR. KOCH: Count 1 is attempt first degree murder for which his sentencing range is 6 to 30 years at 85 percent. The State has agreed to cap it's recommendation at 25 years.

THE COURT: All right. And that is the only consideration other than nolling of the other Counts.

MR. KOCH: That's correct, Judge. The other charge is pursuant to his plea of guilty would be dismissed, the other Counts.

THE COURT: Ms. Tisdale, that is your understanding of the agreement?

MS. TISDALE: Yes.

THE COURT: Mr. Unger, the offense to which you are

12/12/18 16:05:14 CH

12/12/18 16:05:14 CH

asking me to accept your plea of guilty to on today's date is set forth in Count 1 of the Bill of Indictment and reads as follows: On or about August 29th, 2015 at and within Will County you committed the offense of attempt first degree murder, which is a Class X felony in that you with the intent to commit the offense of first degree murder in violation of the statutes, performed an act that constituted a substantial step towards the commission of that offense in that you without lawful justification and with the intent to kill Maria Unger cut Marie Unger's neck. Do you understand it is a Class X felony which is technically punishable from 6 to 30 years in the Department of Corrections with a three year period of mandatory supervised release, what we formally called parole. You are not eligible to be placed on a period of probation or conditional discharge. So any sentence would require me to sentence you to the penitentiary. Furthermore, you can be fined up to $25,000, and I suppose there could be issues regarding restitutions. Are there?

MR. KOCH: There could be.

THE COURT: Are there?

MR. KOCH: Judge, I don't know if the Victim

12/12/18 16:05:14 CH

Compensation Act is applicable. If anything, there would be a judgment I would think for restitution.

THE COURT: Right. I just want to make sure Mr. Unger understands all the potential penalties that go along with this charge.

THE DEFENDANT: Yes, sir.

THE COURT: Is there also a registration requirement on an attempt?

MR. KOCH: I don't think so. It must be served at 85 percent in the Department of Corrections.

THE COURT: Any sentence that I impose will be served at 85 percent. It is not day for day, do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: With that being said, Mr. Unger, are you asking me to accept your plea of guilty?

THE DEFENDANT: Yes, sir.

THE COURT: You also understand there is no agreement as to the sentence on this. You have the consideration, meaning what the State is offering you to a certain extent. It is simply the dismissal of the remaining counts of the Bill of Indictment pursuant to this plea and they are also going to agree to not argue to me that they want you to serve anything more than 25

years in the penitentiary. You understand I'm not bound by that?

THE DEFENDANT: Yes, sir.

THE COURT: I can sentence you to anything up to and including the maximum which is 30 years in the Illinois Department of Corrections.

THE DEFENDANT: Yes, sir.

THE COURT: With that being said, sir, has anyone forced you or threatened you to enter into this agreement?

THE DEFENDANT: No, sir.

THE COURT: And you had an opportunity to speak to Ms. Tisdale about this?

THE DEFENDANT: Yes, sir.

THE COURT: You understand that when you do plead guilty to a criminal offense, you give up your right to confront and cross examine witnesses. You give up your right to remain silent. You give up your right to a jury or a bench trial and you give up your right to make the State prove you guilty of this offense beyond a reasonable doubt. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: In my right hand I am holding up a document entitled plea of guilty. Is that your

signature?

THE DEFENDANT: Yes, sir.

THE COURT: Have you gone through this document?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand the rights on this document are essentially the same that I just explained to you?

THE DEFENDANT: Yes, sir.

THE COURT: All right. And you want me to accept your plea as knowingly and voluntarily made?

THE DEFENDANT: Yes, sir.

THE COURT: All right. With that being said, Mr. Koch a factual basis.

MR. KOCH: Before I do that, too, between now and the sentencing date we will verify and make sure whether or not there is a registration requirement.

THE COURT: I don't know if I necessarily -- it maybe a collateral issue, but I always believe that if we can give you more information about potential -- even though it is not considered to be a penalty, I just want you to understand that.

THE DEFENDANT: Yes.

THE COURT: All right.

MR. KOCH: As it relates to the factual basis, if

we were to proceed to trial, the State would show that on August 29th, 2015 in the area of 623 Plainfield Road in Joliet that numerous witnesses including Maria Unger's 13 and 11 year old children indicated that this defendant and Maria Unger were arguing at the time in the area of Plainfield Road. At the time Ms. Unger was holding a one year old child who she has in common with this defendant. She turned to go into the house and we would show that the defendant pulled out a knife and made a slicing motion across her neck slicing her throat. Her 11 year old son ran for help. Paramedics arrived on scene and transported her to the ER for life threatening injuries due to her bleeding profusely from her neck. She was taken in for surgery and put on a ventilator. Judge, also, Judge, this was captured on video surveillance from an establishment in the area and we would show at the time that this defendant was -- had the intent to commit the first degree murder by cutting her neck after that argument.

THE COURT: Ms. Tisdale, would you agree that is the evidence the State would be able to -- is expected to show if the case went to trial?

MS. TISDALE: Yes, your Honor.

THE COURT: All right. With that being said, I

show the plea is knowingly and voluntarily made and is supported with a factual basis. Will we order a pre-sentence investigation?

MR. KOCH: Yes, your Honor.

THE COURT: All right. What date do we have?

MR. KOCH: Judge, PSI due date of February 2nd and sentencing date set for Tuesday, February 27th.

THE COURT: All right. I'm going to enter judgement of conviction as it relates to Count 1 of the Bill of Indictment. Remaining counts ordered nolle pros and dismissed. I will also revoke the defendant's bond pending sentencing. Does Mr. Unger have 30 days from today's date or 30 days from the sentencing date in which to file a motion to withdraw his plea?

MR. KOCH: Judge, I think it would be 30 days after sentencing.

THE COURT: Okay. I just want to make sure we are all coming off the same page. All right. Mr. Unger, I will see you back here on February 27th. The PSI will be due no later than February 2nd and we will have a sentencing hearing at which time you will be able to present evidence in mitigation. Mr. Koch will present evidence in aggravation and then I will make my decision on the appropriate sentence.

THE DEFENDANT: Okay.

MR. KOCH: I think we have two other dates. We had a status date of January 31st. I am asking to strike that date and we had a trial date set for March 12th and I am asking to strike that date as well.

MS. TISDALE: Yes.

THE COURT: Strike any and all Court dates other than the February 27th date.

THE DEFENDANT: Good.

THE COURT: Mr. Unger, take care.

THE DEFENDANT: Okay.

(Which were all the proceedings had)

THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

I, JULIE A. ENRIGHT, court reporter for the Circuit Court of Will County, Twelfth Judicial Circuit of Illinois, do hereby certify that I reported in shorthand the proceedings had on the hearing in the aforementioned cause; that I thereafter caused the foregoing to be transcribed into typewriting, which I hereby certify to be a true and accurate transcript of the proceedings had before the Honorable DAVE CARLSON, Judge of said Court.

JULIE A. ENRIGHT, C.S.R
License No. 084-004518

DATED this 12th day
of December, 2018

Exhibit #5

09/24/18 16:11:18 CH

2018 SEP 21 PM 12:32

WILL COUNTY ILLINOIS

STATE OF ILLINOIS )
) SS
COUNTY OF WILL )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, Plaintiff,

vs. Case No. 15 CF 1827

ARTHUR UNGER, Defendant.

## MOTION TO WITHDRAW GUILTY PLEA

Now comes the Defendant, ARTHUR UNGER, by and through his attorney, Assistant Public Defender, SHENONDA R. TISDALE, and respectfully requests this Honorable Court to Withdraw the Guilty Plea in this cause and in support thereof states as follows:

1. That on December 7, 2017, the Defendant entered a partially negotiated plea of guilty to Attempt First Degree Murder;

2. That the Defendant was sentenced to 25 years of probation;

3. That the Defendant wishes to withdraw his guilty plea.

WHEREFORE, the Defendant, ARTHUR UNGER, respectfully requests this Honorable Court grant his Motion to Withdraw Guilty Plea and Vacate the Judgment of Conviction.

Respectfully submitted:
ARTHUR UNGER, Defendant
Gerald G. Kielian, Public Defender

By: [signature]
SHENONDA R. TISDALE
Assistant Public Defender

SHENONDA R. TISDALE
Assistant Public Defender
58 E. Clinton Street, Suite 210
Joliet, Illinois 60432
(815) 727-8666

Exhibit #6

**STATE OF ILLINOIS** )
) SS.
COUNTY OF WILL )

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS, PLAINTIFF,
vs.
ARTHUR UNGER, DEFENDANT.

Case No. 15 CF 1827

## MOTION TO RECONSIDER SENTENCE

NOW COMES the Defendant, ARTHUR UNGER, by and through her attorney, Assistant Public Defender, SHENONDA TISDALE, and respectfully moves this Honorable Court to reconsider Defendant's sentence and in support thereof states as follows:

1. That on September 14, 2018 the Defendant was sentenced to 25 years in the Illinois Department of Corrections for the offense of Attempt First Degree Murder;
2. That 25 years in the department of corrections is excessive.
3. That the Court erred in failing to consider all factors in mitigation.
4. That the Court erred in failing to sentence the defendant as class 1 offender under 720 ILCS 5/8-4(c) (1) (E).
5. That the Defendant's criminal conduct was the result of circumstances unlikely to recur;
6. That the character and attitudes of the Defendant indicate that he is unlikely to commit another crime;

WHEREFORE, the Defendant, ARTHUR UNGER, respectfully requests a reduction in sentence and a hearing

Respectfully submitted,
ARTHUR UNGER, Defendant
Gerald G. Kielian, Public Defender

By: ______________________
SHENONDA TISDALE
Assistant Public Defender

SHENONDA TISDALE
Assistant Public Defender
58 E. Clinton Street Suite 210
Joliet, Illinois 60432
(815) 727-8666

# VERIFICATION OF CERTIFICATION

I, Arthur Unger, Pro-se, the undersigned, certify and state that:

[1] I am the Petitioner in this cause of action,

[2] I have read the foregoing petition/motion and have knowledge of its contents; and

[3] Under penalties as provided by law pursuant to sec. 1-109 of the Code of Civil Procedure, I certify that the statements set forth in the foregoing motion and this affidavit are true and correct except as to matters therein stated to be on information and belief, and as to such matters I certify that I believe the same to be true.

/s/ [signature]
Arthur Unger, Pro-se
#N95436

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

6-30-2022

STATE OF ILLINOIS) CLERK OF THE U.S. DISTRICT COURT
) NORTHERN DISTRICT OF ILLINOIS
COUNTY OF WILL ) EASTERN DIVISION

STATE OF ILLINOIS ) Case# 15-CF-1827
Plaintiff, )
) June 30, 2022
V. )
)
ARTHUR UNGER )
Defendent, )

# PROOF OF SERVICE

I, Arthur Unger, Pro-se, state that I served four copies of Profile Information Form, Writ Of Habeas Corpus with Six exhibits and this Proof of Service with Certification to the Clerk of the Court. By enclosing these documents in a sealed envelope plainly addressed as is disclosed, by the pleadings of record herein and depositing this envelope in the box designated for United States Mail at Hill Correctional Center, Galesburg, Illinois together with the appropriate request to the prison official responsible to affix fully prepaid postage thereon,

on this 30 day of June, 2022 with one copy to be stamped certified by the clerk and returned to the petitioner for his records.

/S/ Arthur Unger

Arthur Ungar, Pro-Se
#N95436
Hill Correctional Center
P.O. Box 1700
Galesburg, IL. 61402

OFFICIAL SEAL
ANDREW C STODOLKIEWICZ
NOTARY PUBLIC, STATE OF ILLINOIS
My Commission Expires Nov. 02, 2025

Andrew C Stodolkiewicz
6-30-2022

Arthur Unger
N-95436
Hill. Correctional Center
P.O. Box 1700
Galesburg, Il. 61402

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL®**

7020 0640 0001 3161 7394

7020 0640 0001 3161 7394

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $ 3.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postmark Here

Postage $ 9.90

Total Postage and Fees $ 13.65

Sent To: Clerk of U.S. Dist. Court U.S. Courthouse
Street and Apt. No., or PO Box No.: 219 S. Dearborn St.
City, State, ZIP+4®: Chicago, IL 60604

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

US POSTAGE PITNEY BOWES
ZIP 61401 $ 013.65⁰
02 4W
0000373461 JUL 01 2022

07/06/2022-30

1:22-cv-03539
Kocoras / Weisman
PC 12
DIRECT

INSPECTED BY THE UNITED STATES MARSHALS SERVICE

RECEIVED
JUL 06 2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Clerk of The U.S. District Court
United states courthouse
219 south Dearborn street
Chicago, Illinois 60604

**LEGAL MAIL**